IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PAMELA K. TEETER, | ) | |
|---|---|---|
| | ) | Civil Action No. 13 - 96 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| STATE CORRECTIONAL INSTITUTE—PITTSBURGH, | ) | ECF No. 7 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

In this employment discrimination case, Plaintiff has filed a two count Complaint alleging sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-1 *et seq.*, for a change in employment status, constructive discharge, hostile work environment, and disparate treatment (Count I). Plaintiff also asserts a claim for retaliation under Title VII, 42 U.S.C. §2000e-3(a) (Count II). Currently pending before this Court is Defendant's partial Motion to Dismiss (ECF No. 7) Plaintiff's retaliation claim for failure to exhaust her administrative remedies. Plaintiff has filed a response and brief in opposition thereto (ECF No. 13).

### I. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler,* 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id*. (citing *Phillips* at 234-35).

Courts generally consider only the allegations of the complaint, attached exhibits, and

2

matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment.[1] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. DISCUSSION

Plaintiff had a 26-year career with the Department of Corrections ("DOC"), during which time she was promoted to captain at SCI-Pittsburgh in 1997. From 1997 until her constructive discharge on June 26, 2011, she was the only female of the seven captains. Beginning in approximately May of 2007, Plaintiff alleges that she was a target of a pattern of harassment and intimidation which served to frustrate her position as captain and dissuade other women in the institution from wanting a promotion to a captain position. In her Complaint, Plaintiff describes numerous instances of disparate treatment where male captains with less seniority were given preferential treatment, including demoting Plaintiff in order to give her position to a less senior male employee (¶¶41-52), calling her at home on a scheduled day off (¶¶53-54), failing to communicate to Plaintiff changes in assignments/status (¶¶55-56), failing to seek Plaintiff's advice on issues related to the 6-2 shift (¶¶57-58), being passed over for Security Captain and

---

[1] Of particular relevance here, several district courts in this circuit have held that an EEOC charge of discrimination and other related documents (e.g., right to sue letter, intake questionnaire) are public records, and therefore, the court may consider these documents without converting the motion to dismiss into a motion for summary judgment. *Branum v. United Parcel Serv., Inc.,* 232 F.R.D. 505, 506 n. 1 (W.D.Pa. 2005) (Conti, J.) (citing *Rogan v. Giant Eagle, Inc.,* 113 F. Supp. 2d 777, 782 (W.D.Pa. 2000) (Cohill, J.); *Burkhart v. Knepper,* 310 F. Supp. 2d 734, 741-42 (W.D.Pa. 2004) (Gibson, J.); *Hercik v. Rodale, Inc.,* No. Civ.A. 03-CV-06667, 2004 WL 1175734, * 1 (E.D.Pa. May 24, 2004) (other citation omitted)).

Administrative Captain despite having more seniority (¶¶59-61). In addition, Plaintiff also sets forth numerous instances of sexual harassment by Deputy Kovacs (¶¶62-78), by Captain Mohring (¶¶ 79-87), by Superintendent Lockett (¶¶88-94), beginning in May 2007 through her constructive discharge.

Plaintiff also asserts a claim for retaliation, alleging inter alia that as a result of the hostility she faced on a daily basis beginning in May of 2007 and escalating in 2010, she filed an internal EEO complaint with Human Resources, wherein she stated her belief that Lockett, Kovacs and Mohring all behaved in ways that were discriminatory to her on the basis of sex. Human Resources informed Superintendent Lockett that one of his captains filed an EEO complaint and three days later, a male employee who had been demoted at another institution was appointed to shift commander over Plaintiff. Plaintiff further alleges that throughout the fall of 2010, Lockett, Kovacs and Mohring engaged in retaliatory conduct against her. (Compl. ¶¶104-108.)

Defendant SCI-Pittsburgh has moved to dismiss Plaintiff's retaliation claim arguing that she failed to exhaust her administrative remedies as to that claim. SCI-Pittsburgh submits that Plaintiff failed to raise a retaliation claim with the EEOC, based on the fact that the EEOC Charge of Discrimination dated 12/9/10 does not mention retaliation and the box for retaliation was not checked. From this, SCI-Pittsburgh argues it is fair to conclude that the scope of the EEOC investigation would not include retaliatory acts against Teeter. SCI-Pittsburgh further submits that Teeter was aware of the conduct supporting her retaliation claim prior to filing her charge with the EEOC. Thus, SCI-Pittsburgh contends it would be unfair to allow Teeter to bypass the administrative process when she was aware of the retaliatory conduct.

In response, Plaintiff argues that she submitted to the EEOC in November of 2010 the

4

same documents as those provided to Human Resources in her informal EEO complaint in August of 2010, which consisted of a 116 page complaint containing detailed allegations of the conduct at SCI-Pittsburgh, as well as addendums submitted in the fall of 2010. Despite notifying the EEOC that she had already filed an internal complaint and the conduct became more severe thereafter, Plaintiff submits that the EEOC neglected to check the box for "Retaliation." Nonetheless, Plaintiff submits that the EEOC had all of the facts before it including the facts that form the basis of her retaliation claim, and thus were considered as part of its investigatory process. Plaintiff also points out that she was not represented by counsel during this time and relied exclusively on the EEOC to preserve her claims. Moreover, during the investigatory process, Teeter submits that she indicated to the EEOC that the scope of its review was too constrained and that it was failing to identify and insist upon a response from the employer as to the numerous facts outlined in her submissions to the EEOC.

It is well established that before commencing a Title VII action in federal court, a plaintiff must exhaust her administrative remedies, which is typically done by filing a charge with the EEOC and receiving a right to sue letter from the EEOC. *Devine v. St. Luke's Hosp.,* 406 F. App'x 654, 656 (3d Cir. 2011) (citing 42 U.S.C. §2000e-5(e)(1); *Burgh v. Borough Council of the Borough of Montrose,* 251 F.3d 465, 470 (3d Cir. 2001)). The purpose behind the exhaustion requirement is to provide the EEOC with "notice of the plaintiff's claims and to afford it 'the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.'" *Webb v. City of Philadelphia,* 562 F.3d 256, 262 (3d Cir. 2009) (quoting *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir. 1996)) (other citation omitted). The exhaustion requirement also provides the defendant employer with "'notice that a complaint has been lodged against [it] and gives [it] the opportunity to take remedial action.'" *Hodge v. Trinity*

*Indus., Inc.,* No. 2:10-cv-1219, 2011 U.S. Dist. LEXIS 11680, *7-*8 (W.D.Pa. Feb. 7, 2011) (quoting *Lawton v. Sunoco, Inc.,* Civ. A. No. 01-2784, 2002 WL 1585582, at *4-*5 (E.D.Pa. July 17, 2002)). Failure to exhaust administrative remedies is not a jurisdictional defect, but rather, provides a basis for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Anjelino v. New York Times Co.,* 200 F.3d 73, 87-88 (3d Cir. 2000).

The federal complaint is limited to claims that are within the scope of the charge of discrimination filed with the administrative agency. *Antol,* 82 F.3d at 1296. In this regard, the court of appeals has explained: "[o]nce a charge of some sort is filed with the EEOC, . . . the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Hicks v. ABT Assoc., Inc.,* 572 F.2d 960, 966 (3d Cir. 1978) (quoting *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398-99 (3d Cir. 1976) (other citations omitted)); *see also Antol,* 82 F.3d at 1295 (quoting *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir. (1984)) ("The relevant test in determining whether [plaintiff] was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."). More recently, the court of appeals reiterated in *Webb*:

> While we have recognized the 'preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion," the aggrieved party "is not permitted to bypass the administrative process." *Ostapowicz*, 541 F.2d at 398. Accordingly, we have held "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id*. at 398-99.

6

562 F.3d at 263. The court of appeals cautioned that without this limitation, the "charging party could greatly expand an investigation simply by alleging new and different facts when he was contacted by the EEOC following his charge." *Hicks,* 572 F.2d at 967.

At the same time, however, the court of appeals has refused to penalize a plaintiff for possible misconduct of the EEOC, holding that "[i]f the EEOC's investigation is unreasonably narrow or improperly conducted, the plaintiff should not be barred from h[er] statutory right to a civil action. . . . A civil suit will lie even where the EEOC has failed to give defendant notice of the charge or has failed to attempt to reconcile the parties either because of administrative failure or because of its finding of no reasonable cause." *Hicks,* 572 F.2d at 966 (citation omitted).

In the case at bar, the fact that Teeter did not check the box for retaliation in her formal EEOC Charge of Discrimination is not alone dispositive of the exhaustion issue. *Zahavi v. PNC Fin. Servs. Group, Inc.,* Civ. A. No. 07-376, 2007 WL 3053090, *7 (W.D.Pa. Oct. 18, 2007). Rather, the proper test is the one espoused in *Ostapowicz*—the scope of the federal civil action is "'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . ..'" *Hicks,* 572 F.2d at 966 (quoting *Ostapowicz,* 541 F.2d at 398-99). Applying that test to the instant matter, the Court finds that the allegations in the Complaint, together with the EEOC Charge, are sufficient to withstand a motion to dismiss Teeter's retaliation claim for failing to exhaust her administrative remedies.

In the EEOC Charge, Teeter states that she was subjected to numerous instances of sexual harassment which created a hostile work environment, and complained to her supervisor about the hostile work environment, without any remedial action being taken. (EEOC Charge, ¶¶1 & 2, ECF No. 10-1.) Because the retaliation claim arises from Teeter's complaints about the sexual harassment, a reasonable EEOC investigation into the sexual harassment claim would

likely have encompassed her allegations of retaliation.

Alternatively, Teeter advances a persuasive argument in her responsive brief that suggests the EEOC may have acted improperly in undertaking an unreasonably narrow investigation of her claims,[2] which resulted in the exclusion of any mention of a retaliation claim in the EEOC Charge. If that proves to be the case, then Teeter should not be penalized for the EEOC's failure to include the retaliation claim in the EEOC Charge. *Hicks,* 572 F.2d at 966. *See also Davis v. Mothers Work, Inc.,* Civ. A. No. 04-3943, 2005 WL 1863211, *9-10 (E.D.Pa. Aug. 4, 2005) (citing *Hicks, supra*) (where plaintiff put EEOC on notice of her retaliation claim in the intake questionnaire and her subsequent interview, and EEOC mistakenly omitted this claim from the charge and its subsequent investigation, an issue of fact existed as to whether EEOC unreasonably failed to include the claim in her formal charge).[3] Therefore, the Court finds that the motion to dismiss the retaliation claim should be denied for the additional reasona that both the statements made in her EEOC charge and her argument that she provided information to the EEOC that would have given it notice of her retaliation claim, raise the question whether a reasonable inquiry into her allegations should have encompassed the retaliation claim, especially in light of the fact that Teeter was not represented by counsel during

---

[2] In her brief in opposition to the motion to dismiss, Teeter states that she submitted to the EEOC the same 116 page complaint and addendums thereto that she presented to Human Resources in August and the fall of 2010, which contained detailed allegations of the conduct at SCI-Pittsburgh, including the facts that form the basis of her retaliation claim.

[3] In *Davis v. Mothers Work,* the court noted that in addition to the court of appeals' decision in *Hicks*, several district courts in this circuit have looked beyond infirmities in the formal EEOC charge when an employee has fairly presented a claim and the claim was omitted due to the EEOC's unreasonable or improper conduct. 2005 WL 1363211 at *9 (citing *Martinez v. Quality Value convenience, Inc.,* No. 96-7715, 1998 U.S. Dist. LEXIS 15685, at *3-4 & *7 (E.D.Pa. Sept. 29, 1998); *Smith v. Video Monitoring Servs. of Am. L.P.,* No. 98-4939, 2000 U.S. Dist. LEXIS 15518, at *12-13 (E.D.Pa. Oct. 3, 2000); *Little v. SEPTA,* No. 01-4986, 2003 U.S. Dist. LEXIS 5512, at *13-14 (E.D.Pa. Apr. 3, 2003)).

the administrative proceeding.[4] As such, the issue of administrative exhaustion is more properly before the Court on a motion for summary judgment and it would be premature to decide the issue without allowing plaintiff an opportunity to develop the record through the discovery process.

Accordingly, the Court enters the following Order:

**AND NOW, this 5th day of July, 2013,** after due consideration to Defendant's Partial Motion to Dismiss (ECF No. 7), and Plaintiff's response thereto (ECF No. 13), **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (ECF No. 7) is **DENIED**.

BY THE COURT:

_____
LISA PUPO LENIHAN
Chief U.S. Magistrate Judge

cc: All Counsel of Record
*Via Electronic Mail*

---

[4] The fact that Teeter was not represented by counsel before the EEOC distinguishes this case from *Rogan v. Giant Eagle, Inc.,* 113 F.Supp. 2d 777 (W.D.Pa. 2000), as does this Court's finding that the retaliation claim arises from Teeter's complaints about the sexual harassment, and therefore, a reasonable EEOC investigation into the sexual harassment claim would likely have encompassed her allegations of retaliation. For these reasons, SCI-Pittsburgh's reliance on *Rogan* is misplaced.